A. Alschuler & Sons, Appellees, v. B. J. Anderson et al., Appellants.

Gen. No. 5,007.

1.  INSTRUCTIONS—*must not ignore material evidence.* An instruction is erroneous which ignores material evidence in the cause.

2.  PARENT AND CHILD—*what does not establish liability of former for merchandise delivered to latter.* The payment of one account without protest does not render a parent making the same liable for subsequent purchases made by his minor child, in the absence of proof that such purchases were for necessaries.

Action commenced before justice of the peace. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

BUTTERS, ARMSTRONG & FERGUSON, for appellant.

H. M. KELLY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This suit was commenced by A. Alschuler & Sons, appellees, against B. J. Anderson and Mary Anderson, his wife, appellants, before a justice of the peace of La Salle county, to recover for merchandise sold to the minor children of appellants. A judgment was there rendered against both, from which they perfected their appeal to the Circuit Court of said county. A trial was there had, resulting in a verdict for appellees for $40. A motion for a new trial was denied, judgment was entered on the verdict, and this further appeal is prosecuted by the Andersons.

It appears from the evidence, that appellees, merchants engaged in selling gents' and children's clothing and furnishings in the city of Ottawa, Illinois, during the years 1902, 1903, 1904, sold goods to the two minor sons of appellants, who were attending school at

Ottawa, their sister keeping house for them there. Appellants lived on a farm near Ottawa. In the latter part of 1901 or 1902, a settlement was made for the goods sold to the boys up to that time. · In March, 1903, appellant, B. J. Anderson, gave appellees a note, dated January 1, 1903, due in nine months, as a second settlement for goods sold the boys, after which time the boys continued to purchase goods of appellees, which were charged to appellants.

On October 14, 1904, $40 was paid on the last account by the daughter, with money handed her by her, mother for that purpose, and the daughter testified that she then told one of appellees that her father had sent that to him but that that was all appellees would ever get.

Appellant, B. J. Anderson, testified that when he gave the note, he said to one of the Alschulers that he was going to have this thing stopped. Appellee, Nathan Alschuler, who was present at that time, testified that he did not remember that appellant, B. J. Anderson, made such a statement. Appellant, Mary Anderson, testified, that when she paid the note, about the time it was due, she told one of appellees never to sell any more goods to any of the family, and that that was all she would ever pay. Appellee, Joseph Alschuler, testified that he was present when Mrs. Anderson paid the note, and that she did not say not to sell the boys any more goods, that they would not stand for it. However, appellees admit receipt of notice, but contend that no goods were sold the boys after the notice was received.

Recovery is sought here upon two theories: first, that appellants authorized the children to purchase the goods; second, that the goods furnished were expenses of the family and appellants are liable under section 15, chapter 68, Hurd's R. S. 1905.

The only evidence in the record to support the first contention is the inference that might be drawn from the fact that appellant, B. J. Anderson, paid the first

bill, and gave his note for the second. There is no evidence in the record tending to support the theory that the goods supplied by appellees were the expenses of the family under section 15, chapter 69, Hurd's R. S. 1905.

With the conflict in the evidence as to the time at which notice was given to appellees to sell the boys no more goods, and the entire absence of proof that the goods were family expenses as contemplated by the statute, or that the goods were necessary for the needs of the boys, or that appellants had not supplied them with all they needed, the court gave the jury appellees' first instruction, which read as follows:

"The court instructs the jury that if you believe from all the evidence in the case that the certain goods sold by the plaintiff to the minor children of the defendants were necessaries, and used by said minor children in clothing and dressing themselves, and that at the time the said purchases were made the defendants and the said minor children were living together and part of the same family; and further believe that the defendants knew that said minor children had bought articles of wearing apparel, etc., from plaintiff before this last account was run, and that the same was settled by the parent to whom it was charged without protest to plaintiff for selling to the minor children and charging the same to the account of the parents; then and in that instance the parent either one or both are liable to the plaintiff for the amount you find to be due for the goods sold to the minor children of the defendants, and now unpaid, provided you further find from the evidence that said goods so sold were expenses of the family."

This instruction ignored the evidence to the effect that appellants protested or notified appellees not to sell goods to the children, and told the jury in substance, that if appellants knew that their minor children had bought articles of wearing apparel from appellees before the account sued on was run, and the account was settled by the parent to whom it was

charged without protest, then, in that instance, both parents were liable for the amount found to be due for the goods sold; thus authorizing the jury to find that the payment of the former account without protest, conclusively established the liability of both parents for the later bill. It is no doubt true that the former payments without objection may be a circumstance from which the jury might infer a promise to pay, by that parent, a further account contracted without notice of revocation, but it cannot be said that it conclusively established the liabilty of the parents, either at common law, or under the statute. By it, the court determined as a matter of law, what facts constituted agency, thereby invading the province of the jury. It is not contended, nor was there any evidence offered tending to show, that appellants, or either of them, had ever authorized the boys to make the purchases in question, or that they ever gave appellees permission to furnish said goods to said boys, nor that appellants subsequently promised to pay the account, except possibly the inferences that might be drawn from appellants paying the former bills, nor is there any evidence tending to show that appellants had failed to provide properly for their children, nor any evidence of their financial condition, or that the goods were necessary for the children's needs, and therefore a family expense.

Appellees urge that if their first instruction was subject to appellants' objections, their second, third and fourth instructions covered the point of notice, omitted in the first instruction, so thoroughly that the jury were not misled. While it is true that appellees' second, third and fourth instructions may have supplied the element of notice omitted from the first, they did not cure the other errors pointed out, and are subject to some of the other objections made to the first instruction.

It is unfortunate that in a suit where the amount involved is less than the costs of litigation, it should

be necessary to order another trial; but a verdict, however small, cannot be permitted to stand in a case in which the proof is slight or the evidence conflicting, where it is apparent that the jury may have been influenced in arriving at that verdict by instructions erroneous in some material particular.

The judgment is reversed and the cause remanded for the error indicated.

*Reversed and remanded.*